# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREG LEE,** | : | |
| | : | **CIVIL ACTION NO. 1:11-1909** |
| Petitioner, | : | (RAMBO, D.J.) |
| v. | : | (MANNION, M.J.) |
| | : | |
| **MICHAEL HARLOW, PA ATTORNEY GENERAL, YORK COUNTY DISTRICT ATTORNEY,** | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION[1]

On October 17, 2011, the petitioner, an inmate at the State Correctional Institution at Albion, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in the Court of Common Pleas of York County. (Doc. 1). For the reasons set forth below, the court will recommend that the petition be **DENIED**.

## I.     BACKGROUND

On September 18, 2002, the petitioner pled guilty to possession of marijuana and driving while his operating privileges was suspended or revoked. (*Id.*). On May 7, 2004, the petitioner was convicted of first degree murder, aggravated assault, attempted homicide and criminal conspiracy. (Doc. 1).  On July 19, 2004, the petitioner was sentenced to life imprisonment for the first degree murder conviction. (*Id.*). The petitioner was also sentenced to twenty (20) years to forty (40) years for the criminal

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

conspiracy conviction and the attempted homicide, to be served consecutive with each other. (*Id.*). The aggregate sum of the sentences is life plus forty (40) to eighty (80) years. (*Id.*).

The petitioner filed a direct appeal from the judgment of sentence to the Pennsylvania Superior Court. (Doc. 16, p. 754[2]). The petitioner maintained that the evidence was insufficient to support the verdicts of the jury and the sentence of the court was excessive. (*Id., p. 762*). The judgment and sentence were affirmed by the Superior Court on August 26, 2005. (*Id., p. 838*). The petitioner filed a petition for allocator to the Supreme Court of Pennsylvania which was denied on December 27, 2005. (*Id., p. 848*).

On April 11, 2006, the petitioner filed a Post Conviction Relief Act ("PCRA") petition. (Doc. 1). On June 1, 2006, the York County Court of Common Pleas denied the PCRA. (Doc. 16, p. 883).

The petitioner's time in which to appeal his PCRA had expired, (*Id., p. 884*.), therefore, the petitioner filed a motion to reinstate his right to appeal the PCRA. (*Id.*). On August 18, 2006, the York County Court of Common Pleas denied the motion to file an appeal nunc pro tunc. (*Id.*). The petitioner appealed the denial of his reinstatement of his PCRA appeal rights to the Superior Court. (*Id., p. 885*). On November 29, 2007, the Pennsylvania Superior Court remanded the case to the York County Court of Common Pleas for an evidentiary hearing. (*Id. p. 945*).

The York County Court of Common Pleas held an evidentiary hearing and reinstated the petitioner's right to appeal the PCRA order of June 1, 2006 and additionally granted the petitioner leave to amend his PCRA petition. (*Id.,*

---

[2] The citations to the Respondents Reproduced Record reference the number of the document on the bottom right corner of the Respondents' Appendix attached to Docket No. 16.

p. 954). On October 2, 2008, a new PCRA hearing was held. (*Id.,* p. 976). On April 7, 2010, the amended PCRA petition was denied. (*Id.,* p. 1012). On May 7, 2010, the petitioner appealed to the Pennsylvania Superior Court. (*Id.,* p. 1028). The Pennsylvania Superior Court affirmed the York County Court of Common Pleas on March 11, 2011. (*Id.,* p. 1061).

On April 20, 2011, the petitioner filed a petition for allocatur with the Pennsylvania Supreme Court which was denied on August 30, 2011. (*Id.,* p. 1080). On October 17, 2011, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, was filed in the Middle District of Pennsylvania. (Doc. 1).

In his habeas petition, the petitioner raises one ground for habeas relief in which he alleges seven different claims of ineffective assistance of trial counsel in violation of the Sixth Amendment. (Doc. 1, p. 6). In claim one, the petitioner alleges that counsel failed to object to evidence introduced at his trial which violated his Fifth Amendment right to remain silent and to not make any statements which may incriminate him. (*Id.*). In claim two, the petitioner alleges counsel failed to object to evidence which was precluded prior to trial and redactions agreed to by the parties which were prejudicial to the petitioner because of the reference to the petitioner's girlfriend's address. (*Id.*). In claim three, the petitioner challenges counsel's failure to object to testimony referencing a "girlfriend" which he alleges was prejudicial, incriminatory and agreed to as inadmissible by the parties prior to trial. (*Id.* at p. 7). In claim four, the petitioner alleges that counsel's failure to move for a mistrial after the petitioner was exposed as a "prisoner" was prejudicial to the outcome of the trial. (*Id.*). In claim five, the petitioner alleges that counsel failed to correct the appellate court's "misapprehension (sic) material facts associated with redactions of prejudicial testimony." (*Id.*). In claim six, the petitioner alleges that counsel failed to strike the testimony of Paula Thomas from the record

3

regarding a statement the petitioner made that he "was gonna spray victim (sic) Nicholas." (*Id.* at p. 8). In claim seven, the petitioner challenges counsel's failure to enforce sequestration of two detectives which had been agreed upon by the parties prior to trial. (*Id.*).

On December 21, 2011, the undersigned issued a show cause order, (Doc. 11). On March 1, 2012, after an extension of time was granted, the respondents filed a response to petitioner's petition for writ of habeas corpus. Accordingly, the petition is ripe for review.

A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court

4

on a question of law or if the state court decides a case differently than th[e] Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), *overruled in part on other grounds by McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id.* at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

II. **LEGAL ANALYSIS**

A. **Claim One, Four, Six and Seven**

In claim one of the habeas petition, the petitioner alleges counsel failed

5

to object to evidence introduced which violated his Fifth Amendment right to remain silent and to not make any statements which may incriminate him. (Doc. 1, p. 6). In claim four, petitioner alleges that counsel's failure to move for a mistrial after the petitioner was exposed as a "prisoner" was prejudicial to the outcome of the trial. (*Id.*, p. 7). In claim six, the petitioner alleges that counsel failed to strike the testimony of Paula Thomas from the record regarding a statement the petitioner made that he "was gonna spray victim (sic) Nicholas." (*Id.* at p. 8). In claim seven, the petitioner challenges counsel's failure to enforce sequestration of two detectives which had been agreed to prior to his trial by the parties. (*Id.*).

The respondents argued in their response that claim one is procedurally defaulted and must be dismissed. (Doc. 16, p. 14). The respondents contend that the issue was raised before the Pennsylvania Superior Court in the petitioner's appeal of September 22, 2006 docketed at 2172 MDA 2006, however the Superior Court did not have jurisdiction to hear the issue when it was raised, therefore, it was not valid. (*Id.*). The petitioner's PCRA petition was denied by the trial court on June 1, 2006. The petitioner's counsel did not file an appeal of the trial court's order. (*Id.*). Therefore, the petitioner filed a motion to reinstate his appeal rights for ineffective assistance of PCRA counsel for failing to file an appeal to the denial of the PCRA. (*Id.*). The trial court denied the motion on August 21, 2006 and the petitioner filed an appeal to the Pennsylvania Superior Court raising the sole issue of the trial court's denial of the petitioner's motion to reinstate his appeal rights. (*Id.*).

On November 29, 2007, the Superior Court reversed the August 21, 2006 order of the trial court and remanded the case back to the trial court for an evidentiary hearing to determine if petitioner's PCRA counsel was ineffective as to the appeal and whether the petitioner's appeal rights should

be reinstated. *Id.* An evidentiary hearing was held in which the court granted the petitioner leave to amend his PCRA petition to include new issues. *Id.* The amended PCRA was denied on April 7, 2010. (*Id.*). The petitioner appealed to the Pennsylvania Superior Court and raised the following issues:

> I      The PCRA court committed reversible legal error when it denied Defendant [petitioner] PCRA relief because trial counsel was ineffective for failing to object to testimony that had previously been suppressed by the trial court.
>
> II     The PCRA court committed reversible legal error when it denied Defendant [petitioner] PCRA relief because trial counsel was ineffective for failure to address this Honorable Court's mistaken findings of fact in the Petition for Allowance of Appeal to the Pennsylvania Supreme Court.
>
> III    The PCRA court committed reversible legal error when it denied Defendant [petitioner] PCRA request for a new trial based on after discovered evidence.

(Doc. 16, p. 1065).

     Thus, as Respondents have noted, the Superior Court on direct appeal did not consider the merits of Petitioner's claim that counsel failed to object to evidence introduced which allegedly violated his Fifth Amendment right to remain silent and to not make any statements which may incriminate him. As stated, the Superior Court remanded the case back to the trial court for an evidentiary hearing. The Petitioner did not raise this issue in his subsequent appeal to the Superior Court, thus, the Superior Court did not consider the merits of his Fifth Amendment claim on direct appeal.

Habeas corpus relief cannot be granted unless available state court remedies on the federal constitutional claims have been exhausted. *See* [28 U.S.C. § 2254(b)](# ) (1).

> This statutory provision has been interpreted to require the federal habeas petitioner to present both the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *[O'Sullivan v. Boerckel,](# ) 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)*; *[Holloway v. Horn,](# ) 355 F.3d 707, 714 (3d Cir.2004)*. To satisfy this requirement, a petitioner must demonstrate that the claim raised was fairly presented to the state's highest court, either on direct appeal or in a state post-conviction proceeding. *[Lambert v. Blackwell,](# ) 134 F.3d 506, 513 (3d Cir.1997)*. In addition, the state court must be put on notice that a federal claim is being asserted. *[Keller v. Larkins,](# ) 251 F.3d 408, 413 (3d Cir.2001)*. If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *See [Bronshstein v. Horn,](# ) 404 F.3d 700, 707 (3d Cir.2005)*; *[Slutzker v. Johnson,](# ) 393 F.3d 373, 379-80 (3d Cir.2004)*. Nonetheless, while a prisoner's procedural default may excuse exhaustion, it does not automatically entitle him to federal court review of the merits of his claim. A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See [Edwards v. Carpenter,](# ) 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000)*; *[Wenger v. Frank,](# ) 266 F.3d 218, 225 (3d*

8

Cir.2001); *Lines v. Larkins,* 208 F.3d 153, 166 (3d Cir.2000).

*Carl v. Good,* 2007 WL 4198417, \*4-\*5 (M.D. Pa., November 20, 2007)[3].

The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process."[4] *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999); *Slutzker v. Johnson,* 393 F.3d 373, 380 (3d Cir. 2004) (citing *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

The exhaustion requirement is excused if it would be futile because "there is an absence of available State corrective process," such as where an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(I), (ii); *Slutzker,* 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681). However, if exhaustion is futile because the

---

[3] For the convenience of the reader, the Court has attached copies of unpublished opinions cited within this document.

[4] The court notes that pursuant to Order No. 218 issued by the Pennsylvania Supreme Court, federal habeas petitioners do not have to appeal to the Pennsylvania Supreme Court to satisfy the exhaustion requirement. *Johnson v. Mechling*, 541 F. Supp. 2d 651, 655 n.7 (M.D. Pa. 2008). The Third Circuit has recognized the validity of this order, and therefore a federal petitioner under custody pursuant to the judgment of a Pennsylvania court need only appeal to the Pennsylvania Superior Court to exhaust available state remedies. *Id.*

9

petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Slutzker*, 393 F.3d at 380-81. Procedural default, like exhaustion, is founded on comity and federalism. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30, 750; *Slutzker*, 393 F.3d at 380-81.

Procedural default is excusable only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[5] *Coleman*, 501 U.S. at 749-50; *Slutzker*, 393 F.3d at 380-81. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of "cause" include where interference by government officials made compliance impracticable or ineffective assistance of counsel. *Id.* But a claim of ineffective assistance of counsel must generally be presented to the state courts as an *independent* claim before it may be used to establish "cause" for procedural default. *Id.* at 488-89 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982))(emphasis added); *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000). "Actual prejudice" requires a petitioner to establish that an error caused him "actual and substantial disadvantage." *Murray*, 477 U.S.

---

[5] The miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Because the petitioner does not raise "actual innocence" as a ground for relief, this exception does not apply.

10

at 494 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

We agree with Respondents and find that Petitioner has not demonstrated cause and prejudice with respect to his Fifth Amendment claim, or that a fundamental miscarriage of justice will result if this claim is not reviewed. In fact, Petitioner offers no explanation as to why he did not properly present his stated claim to the state courts on direct appeal. Thus, petitioner's first claim should be dismissed.

The respondents further argue that claims four, six and seven are also waived and procedurally defaulted because the petitioner failed to raise the issues in the appellate courts. (Doc. 16, p. 34). A review of the petitioner's appellate briefs (Doc. 16, p. 762, 911, 1034) indicated that the issues have not been raised by the petitioner in an appeal. Again, Petitioner has not demonstrated cause and prejudice with respect to his ineffective assistance of counsel claim that counsel's failure to move for a mistrial after the petitioner was identified as a "prisoner" was prejudicial to the outcome of the trial or counsel's failure to enforce sequestration of two detectives, or that a fundamental miscarriage of justice will result if the claims are not reviewed. In fact, Petitioner offers no explanation as to why he did not properly present his claims to the state courts on direct appeal. Furthermore, the petitioner's claim six ineffective assistance of counsel claim, that counsel failed to strike the testimony of Paula Thomas from the record regarding a statement the petitioner made that he "was gonna spray victim (sic) Nicholas" was not raised in any of the petitioner's appeals and, in fact, the claim was withdrawn from PCRA review by the petitioner as noted in his appellate brief to the Superior Court. (Doc. 16, p. 914). Thus, as the petitioner has not demonstrated prejudice or offered any explanation regarding why his claims four, six and seven were not raised in the state court, it is recommended that

they be dismissed.

### B. Claim Two, Three and Five

The petitioner's claim two, three and five all relate to alleged prejudicial testimony and counsel's failure to raise the issues on direct appeal. The claims appear to have been reviewed as a combined issue by the Pennsylvania Superior Court in the March 11, 2011 Memorandum (798 MDA 2010). (Doc. 16, p. 1066). In claim two, petitioner alleges counsel failed to object to evidence which was precluded prior to trial and redactions agreed to by the parties which were prejudicial to the petitioner because of the reference to the petitioner's girlfriend's address which was not redacted. (Doc. 1, p. 7). In claim three, the petitioner challenges counsel's failure to object to testimony referencing a "girlfriend" which he alleges was prejudicial, incriminatory and agreed to as inadmissible by the parties prior to trial. (*Id.*). In claim five, the petitioner asserts that counsel failed to correct the appellate court's "misapprehension (sic) material facts associated with redactions of prejudicial testimony." (*Id.*).

The Constitution guarantees criminal defendants the effective assistance of counsel, U.S. CONST. amend. VI, which is measured by "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a violation of that right, a petitioner must make two showings. First, he "must show that counsel's performance was deficient." (*Id.*). Counsel is deficient if, "on the facts of the particular case, viewed as of the time of counsel's conduct," his conduct was unreasonable. (*Id.* at 690). There is a strong presumption that counsel is effective. *(See Id.* at 689) ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). Second, he must affirmatively show that the deficient performance "prejudiced the defense." (*Id.* at 687, 693). Prejudice means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at 694-95). In assessing prejudice, the court must consider the totality of the evidence that was before the factfinder. (*Id.* at 695).

The petitioner asserts in his petition that he raised the ineffective assistance of counsel claims in his PCRA. Specifically, both claim two and three, pertain to counsel's failure to object to evidence that was not redacted at trial including testimony referencing his girlfriend's address and testimony referencing a "girlfriend" which was agreed to as inadmissible by the parties prior to trial. (Doc. 1, p. 7.). The petitioner argued in his PCRA that counsel should have raised a *Bruton* objection because co-defendant Stauffer's statement could be construed to support the testimony of the petitioner's girlfriend, Jennifer Mitzel. (Doc. 16, p. 1024). Prior to trial, the petitioner's counsel requested redaction of the co-defendant Stauffer's police statement with the petitioner's name being replaced by "he" or "him" and reference to petitioner's girlfriend Jennifer Mitzel changed to "friend." (*Id.*). The redacted statement was not made available to counsel until the trial began and counsel overlooked a reference to Mitzel's address and reference to an alibi being provided by a "girlfriend" rather than "friend" as agreed upon. (*Id., pp. 1024-1025*.). The petitioner contends that the jury could link the statement with his girlfriend's testimony to conclude that the statement referred to the petitioner, therefore the statement violated *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

13

The trial court opined:

> We do not believe that Attorney Ferro was ineffective as to this matter. First, he indicates that he did not object during reading of co-defendant Stauffer's statement into the record because he believed that objecting would serve to highlight the testimony rather than to discredit it. He also testified that he addressed the option of requesting a mistrial with Appellant, but that Appellant did not want him to request a mistrial because he felt the trial was going well. Attorney Ferro did not request that this Court make a cautionary statement to the jury regarding the *specific* statements because Appellant agreed that such a statement would serve to remind the jury of the statements rather than serving the desired purpose. Instead we gave a limiting instruction indicating that the statements were not to be used against any of the co-defendants. Therefore, with respect to Attorney Ferro's actions during the trial, we believe that his conduct was consistent with a reasonable trial strategy, given the situation. (Internal citations omitted)(emphasis in original).

(Doc. 16, p. 1025).

In claim five, the petitioner asserts that counsel failed to correct the appellate court's "misapprehension (sic) material facts associated with redactions of prejudicial testimony." (*Id.*). The trial court further opined in regard to claim five:

> Attorney Ferro raised the redaction matter on direct appeal and it was addressed by the Superior Court in their August 2006 Decision, in which they affirmed this Court. Attorney Ferro then raised the matter in his Petition for Allowance of Appeal, and the Supreme Court of Pennsylvania declined to hear this matter. We do not

14

> feel that Attorney Ferro was ineffective with respect to this matter either at trial or on appeal. Furthermore, we believe that this matter has been thoroughly litigated and addressed by this Court and by the appeal Court.

(Doc. 16, pp. 1025-1026).

The court notes that the Pennsylvania Superior Court relied on the opinion of the trial court and state law in deciding petitioner's ineffective assistance of counsel claims. More particularly, the Court relied on *Commonwealth v. Williams*, 950 A.2d 294 (Pa. Super. 2008). Pennsylvania state law is not contrary to *Strickland*. See *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000) (Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*.). Thus, under §2254(d)(1), the relevant question here is whether the Superior Court's decision involved an unreasonable application of *Strickland*. *See* Richter v. Harrison, 131 S. Ct. 781, 785 (2011) (The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.).

The Superior Court reviewed the evidence presented at the trial noting that the petitioner's co-defendant provided multiple inculpatory statements to the investigators some of which referred to the petitioner and his girlfriend Jennifer Mitzel and her address. (Doc. 16, p.1069). Trial counsel asked the Commonwealth to redact portions of Mr. Stauffer's statement which was agreed to by the Commonwealth and the Commonwealth provided the redacted statements to counsel on the morning of the third day of trial. (*Id.*, p. 1070). Furthermore, counsel discussed the redacted statements with the court and argued that the redacted statements violated *Bruton*. (*Id.*). Thereafter, counsel and the court went over Mr. Stauffer's statements and counsel raised specific objections regarding references to Ms. Mitzels'

15

address and the word "girlfriend" used throughout the statement. (*Id.*). The court ruled on each objection and redacted the statements to counsel's satisfaction. (*Id.*, p. 1070). Despite the redactions, a reference to Ms. Mitzel's West Prince Street address and the term "girlfriend" was heard by the jury during the testimony. (*Id.*).

The Superior Court reasoned:

> The fleeting references to West Prince Street and "his girlfriend" did not facially implicate Appellant in the criminality to which Mr. Stauffer had confessed. *See Travers, supra.* Additionally, the court properly instructed the jury that it could not use Mr. Stauffer's statements against Appellant or any other co-defendant. Absent more, Appellant's first claim of ineffectiveness of trial counsel lacks arguable merit, *See Pierce, supra.* (Internal citations omitted).

(Doc. 16, p. 1072).

Additionally, the Superior Court noted that counsel's reason for not objecting so as to not highlight the objectionable testimony in front of the jury was reasonable based on *Commonwealth v. Pierce, 645 A.2d 189, 194 (1994)*. (*Id.*, p. 1073). Thus, the court found no merit to these claims. We agree. Even if the petitioner's claim had arguable merit, counsel's actions under the circumstances were reasonable. Therefore, it is recommended that petitioner's ground two and three claims be dismissed.

In regard to claim five, the alleged misinterpretation of facts, the Superior Court noted that it correctly observed that the petitioner did not object to redacted statements at the time the detective testified and counsel agreed to the court's redactions after additional changes were made to the documents. (*Id.*). Counsel raised certain objections to the redacted

16

statements during his discussion with the trial court. (*Id.*). The petitioner's argument is convoluted and appears to be that because counsel did not simply agree to the redacted statements, the court misinterpreted the facts and counsel should have addressed the misinterpretation in the petition for allowance of appeal and failed to do so, therefore counsel was ineffective. The Superior Court reasoned that the court did not misinterpret the facts and counsel cannot be considered ineffective on this basis relying on *Commonwealth v. Poplawski*, 852 A.2d 323. (Pa. Super. 2004). The *Poplawski* case opined that counsel cannot be ineffective for not pursuing "a baseless or meritless claim." *(Id.* at 327). Therefore, the Court determined that the claim for ineffective assistance of counsel for "misinterpretation" of facts and counsel's failure to address the issue in the petition for allowance of appeal to be without merit. (Doc. 16, p. 1074). We agree. Thus, it is recommended that petitioner's ground five claim be dismissed.

## III.    RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED THAT** the petitioner's petition for writ of habeas corpus, (Doc. 1), be **DENIED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: December 11, 2012**

O:\shared\REPORTS\2011 Reports\11-1909.01.wpd

17