IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREG LEE,** | **CIVIL NO. 1:11-CV-1909** |
| **Petitioner** | |
| v. | **(Judge Rambo)** |
| **MICHAEL HARLOW; PENNSYLVANIA ATTORNEY GENERAL; and YORK COUNTY DISTRICT ATTORNEY,** | |
| **Respondents** | |

# **M E M O R A N D U M**

## **I.       Background**

Before the court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Greg Lee. Lee challenges his conviction in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1.) This matter was referred to Magistrate Judge Mannion[1] who filed a report (Doc. 28) in which he recommended that the petition be denied. Lee has filed objections to the report and recommendation (Doc. 31). No response has been filed to the objections and the matter is ripe for disposition. For the reasons set forth below, the court will adopt the report and recommendation and the petition for writ of habeas corpus will be denied.

---

[1] Magistrate Judge Mannion has since been elevated to the position of United States District Judge for the Middle District of Pennsylvania.

**II.** **Discussion**

    **A. The Claims, Generally**

Petitioner Lee raises seven different claims of ineffective assistance of trial counsel in violation of the Sixth Amendment. These claims are that (1) counsel failed to object to evidence introduced at his trial which violated his Fifth Amendment right to remain silent and not make any statements which may incriminate him; (2) counsel failed to object to evidence which was precluded prior to trial and redactions agreed to by the parties which were prejudicial to the petitioner because of the reference to the petitioner's girlfriend's address; (3) counsel failed to object to testimony referencing a "girlfriend which he alleges was prejudicial, incriminatory and agreed to as inadmissible by the parties prior to trial; (4) counsel failed to move for a mistrial after the petitioner was exposed as a "prisoner" which was prejudicial to the outcome of the trial; (5) counsel failed to correct the appellate court's "misapprehension [sic] material facts associated with redactions of prejudicial testimony;" (6) counsel failed to strike the testimony of Paula Thomas from the record regarding a statement the petitioner made that he "was gonna spray victim [sic] Nicolas;" and (7) counsel failed to enforce sequestration of two detectives which had been agreed upon by the parties prior to trial. (Doc. 1 at pp. 6-7.)

    **B. Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both

*Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been

different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, the claims of the petitioner will be addressed.

### C. Magistrate Judge's Review

The magistrate judge correctly followed the standard of review for federal petitions for habeas corpus by individuals in state custody as codified at 28 U.S.C. § 2254(d).

### D. The Claims, Specifically

#### 1. Claim One – Fifth Amendment

The magistrate judge, based on the record before the Pennsylvania courts, found that this issue was procedurally defaulted and waived for failure to be properly raised before the state appellate courts. In any event, this issue is without merit. This issue was addressed by the PCRA court and found that the claim was not of arguable merit. The underlying claim is that the introduction at trial of a letter from Petitioner Lee to a codefendant telling him that "if they did not say anything to anyone, nothing could be proved" (Doc. 16, App. 3, at 768), was a violation of his right to remain silent by way of comment regarding exercising that right.

The Commonwealth argues that this was a "communication to a co-conspirator and not 'silence' where the defendant is not making a statement." The communication was admissible as evidence of consciousness of guilt and as evidence of a conspiratorial act, that of concealment. (Doc. 16 at p. 20.) This issue is not of arguable merit, and therefore counsel's actions at trial were proper.

4

2. Claims Two, Three and Five

Petitioner claims that trial counsel was ineffective for failing to object under *Bruton v. United States*, 391 U.S. 123 (1968), to certain redactions made to a non-testifying co-defendant's confession admitted in a joint trial regarding names and places. He further argues that trial counsel was ineffective for failing to raise these issues clearly on direct appeal. These issues were addressed by the trial court and the Pennsylvania Superior Court. The magistrate judge found that the state courts' application of *Strickland* as to whether counsel was incompetent was a reasonable interpretation. The undersigned finds no fault with the magistrate judge's conclusion on these issues.

3. Claims Four, Six and Seven

The magistrate judge recommended these claims be dismissed as procedurally defaulted at the state level. Petitioner Lee claims they were defaulted based on counsel's incompetency in failing to raise these issues.

As to claim four, Petitioner Lee claims that trial counsel should have moved for a mistrial when he was "exposed as a prisoner." In claim six, Lee alleges trial counsel should have objected to testimony by Paula Thomas that defendant "was gonna spray victim [six] Nicholas." In claim seven, Lee alleges counsel failed to enforce the sequestration of two detectives during trial. None of these issues were raised before the Pennsylvania appellate courts. Federal habeas review cannot be obtained unless a state prisoner has exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). "Federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice

5

will result if the court does not review the claims." *Showers v. Beard*, 586 F. Supp. 2d 310 (M.D. Pa. 2008).

### a. Claim Four - "Exposed as a Prisoner"

Petitioner claims that the default was because his counsel was incompetent for not raising this issue on appeal and that this was prejudicial to him "in light of the lack of the direct or circumstantial evidence of his guilt." (Doc. 31 at p. 21.) Lee then sets forth seven areas of testimony which this court assumes Lee believes would exonerate his complicity in the murder had not the reference to his being a prisoner come into evidence. Lee, however, does not specifically argue this.

When these seven areas of testimony cited by Petitioner Lee are weighed against the summary of the evidence the Commonwealth adopted from the trial court's 1925(a) opinion of January 24, 2005 (Doc. 16 at pp. 10-13 and App. 3 at pp. 747-750), Petitioner's conclusion that the outcome of his trial might have been different is speculative. Petitioner has failed to show prejudice or a fundamental miscarriage of justice on these claims.

### b. Claim Six – Testimony of Paula Thomas

Petitioner claims that counsel was ineffective for failure to object to the testimony by Paula Thomas that the defendant "was gonna spray victim [sic] Nicholas." Petitioner claims the reason this issue was defaulted was that PCRA counsel failed to raise this issue. The Commonwealth points out in its response that this issue was withdrawn on appeal as a non-issue. (Doc. 16 at p. 35.) It appears that Paula Thomas's credibility was effectively impeached at trial. (*Id.*) Trial counsel cannot be incompetent for not raising a non-issue.

     c. Claim Seven – Trial Counsel Failed to Enforce the Sequestration of Two Detectives

  The Commonwealth points out that there was no sequestration order to enforce and therefore this claim is factually moot. (Doc. 16 at p. 38.) If Petitioner's complaint is that his trial counsel should have requested a sequestration order, that issue was addressed by trial counsel at a PCRA hearing. (*Id.*) Trial counsel's explanation is reasonable. In any event, Petitioner's claim that trial counsel failed to seek enforcement of a sequestration order is defective as there was no such order in place to seek enforcement.

## III.    Conclusion

  For the foregoing reasons, the report and recommendation of the magistrate judge will be adopted. An appropriate order will follow.

                  s/Sylvia H. Rambo
                  United States District Judge

Dated: March 7, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREG LEE,** | : | **CIVIL NO. 1:11-CV-1909** |
| Petitioner | : | |
| v. | : | |
| **MICHAEL HARLOW; PENNSYLVANIA ATTORNEY GENERAL; and YORK COUNTY DISTRICT ATTORNEY,** | : | **(Judge Rambo)** |
| Respondents | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of the magistrate judge.

2) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

3) This court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                                       s/Sylvia H. Rambo
                                                      United States District Judge

Dated: March 7, 2013.